RESPONDENT PRO SE
Hon. David A. Moreland
Bicknell, IN

ATTORNEY FOR THE COMMISSION
ON JUDICIAL QUALIFICATIONS
Adrienne L. Meiring
Indianapolis, Indiana

# In the
# Indiana Supreme Court

FILED

Mar 25 2010, 1:41 pm

CLERK
of the supreme court,
court of appeals and
tax court

No. 42S00-0910-JD-441

IN THE MATTER OF THE HONORABLE
DAVID A. MORELAND, JUDGE
OF THE BICKNELL CITY COURT

JUDICIAL DISCIPLINARY ACTION

**March 25, 2010**

**Per Curiam.**

This matter comes before the Court as a result of a judicial disciplinary action brought by the Indiana Commission on Judicial Qualifications ("Commission") against the Respondent, David A. Moreland, Judge of the Bicknell City Court. Article 7 Section 4 of the Indiana Constitution and Indiana Admission and Discipline Rule 25 give the Indiana Supreme Court original jurisdiction over this matter.

Subsequent to the Commission's filing of formal charges, the parties jointly tendered a "Statement of Circumstances and Conditional Agreement for Resolution of Charges." The following facts come from the parties' agreement and from the Commission's "Notice of the Institution of Formal Proceedings and Statement of Charges."

#### Facts

Respondent has been the elected judge of the Bicknell City Court since January 1, 2008. From the time he assumed office until on or about October 14, 2009, he employed his wife, Cindy Moreland, as Bicknell City Court Clerk. On October 13, 2009, the Knox County

Prosecutor filed an Information in Knox Superior Court, case number 42D02-0910-FD-001216, charging Respondent with five counts of Theft as Class D felonies stemming from allegations that Respondent exerted unauthorized control over infraction ticket payments, payments to resolve failures to appear and to restore drivers' licenses, and funds held in the Bicknell City Court's bank account. The following day, we suspended Respondent with pay per Indiana Admission and Discipline Rule 25(V)(A),[1] and Respondent has remained under suspension since that date.

On December 16, 2009, the Commission filed a "Notice of the Institution of Formal Proceedings and Statement of Charges" against Respondent alleging misappropriation of court funds and nepotism, in violation of Canons 1(A),[2] 2(A),[3] and 3(C)(4)[4] of the 2008 Code of Judicial Conduct and Rules 1.1,[5] 1.2,[6] and 2.13(A)(2)[7] of the 2009 Code of Judicial Conduct,[8] and constituting conduct prejudicial to the administration of justice. Respondent elected not to file a permissive answer. The Court appointed masters to preside over this matter, *see* Ind. Admission and Discipline Rule 25(VIII)(I), and a hearing was scheduled for April 16, 2010.

---

[1] "A judicial officer shall be suspended with pay by the Supreme Court . . . upon the filing of an indictment or information charging the judicial officer in any court in the United States with a crime punishable as a felony under the laws of Indiana or the United States." Ind. Admission & Discipline Rule 25(V)(A).

[2] "An independent and honorable judiciary is indispensable to the justice of our society. A judge should participate in establishing, maintaining, and enforcing high standards of conduct, and shall personally observe those standards in order to preserve the integrity and independence of the judiciary." Ind. Judicial Conduct Canon 1(A) (West 2008).

[3] "A judge shall respect and comply with the law and shall act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary." Jud. Canon 2(A).

[4] "A judge shall avoid nepotism and favoritism." Jud. Canon 3(C)(4) (West Supp. 2008).

[5] "A judge shall comply with the law, including the Code of Judicial Conduct." Ind. Judicial Conduct Rule 1.1 (West 2009).

[6] "A judge shall act at all times in a manner that promotes public confidence in the independence, integrity, and impartiality of the judiciary, and shall avoid impropriety and the appearance of impropriety." Jud. Rule 1.2.

[7] "In hiring court employees and making administrative appointments, a judge: . . . shall avoid nepotism, favoritism, and unnecessary appointments." Jud. Rule 2.13(A)(2).

[8] The alleged incidents of misappropriation and nepotism spanned 2008 and 2009.

Prior to the hearing, the Commission and Respondent tendered a "Conditional Agreement for Resolution of Charges" in which the Commission agrees to suspend its prosecution of this matter and request dismissal of the case in exchange for Respondent's agreement to resign from office, to accept a permanent ban from judicial service, to pay the costs of this proceeding, and to make no public statement that misrepresents the status of the Commission's investigation into this case or the terms of the Commission's agreement to suspend its prosecution of this matter. The Commission further reserves the right to re-file charges of ethical misconduct against Respondent if he violates these terms of the parties' agreement.

## **Disposition**

Having considered the circumstances of this case and the parties' proposed disposition of it, we conclude that further prosecution of this matter is unnecessary. Had the Commission proven the alleged misconduct through the continuation of this proceeding, the most severe sanction we likely would have imposed on Respondent would have been removal from office, a permanent ban on serving as a judicial officer, and the costs of this proceeding. Because Respondent has agreed to such terms, continuation of this proceeding would be a waste of limited judicial resources.

Accordingly, the Court ACCEPTS the parties' Conditional Agreement for Resolution of Charges, *see* Ind. Admission & Discipline Rule 25(VIII)(H), and DISMISSES this matter WITHOUT PREJUDICE to the Commission's right to re-file charges against Respondent should he fail to comply with the terms of the parties' agreement. Per the parties' agreement, Respondent shall immediately tender a letter of resignation to Governor Mitchell E. Daniels, and his resignation shall be effective as of the date of this opinion.

This terminates this disciplinary proceeding. The costs of this proceeding, if any, are assessed against the Respondent, and any such costs shall be reflected in a subsequent order issued by this Court.

Shepard, C.J., and Dickson, Sullivan, Boehm, and Rucker, JJ., concur.

3